# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

STEPHEN THOMPSON

V.                                                    CIVIL ACTION NO. 1:12CV77-LG-JMR

S & S RECOVERY, INC.

## MEMORANDUM OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION TO DISMISS

BEFORE THE COURT are [8] Defendant's Motion to Dismiss or for Summary Judgment, [10] Plaintiff's Motion to Strike, and [13] Plaintiff's Motion for Leave to Amend Complaint. Plaintiff Stephen Thompson filed this action against Defendant S & S Recovery, Inc. ("S & S Recovery"), alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. The complaint alleges that S & S Recovery violated section 1692f of the Fair Debt Collection Practices Act (FDCPA) when it sent Thompson a dunning letter that was vague and confusing and threatened legal action against him. Thompson has moved to amend his complaint to allege violations of section 1692e, claiming he committed a scrivener's error in not alleging such violations in the original complaint. S & S Recovery has moved to dismiss Thompson's complaint, or alternatively for summary judgment, and opposes his motion to amend the complaint. Thompson has moved to strike portions of S & S Recovery's motion to dismiss or for summary judgment.

### FACTS AND PROCEDURAL BACKGROUND

The Court must view the facts in the light most favorable to Thompson as the non-moving party. According to the complaint, Thompson allegedly incurred a

financial obligation to the University of Southern Mississippi that qualifies as a "debt" under the FDCPA. S & S Recovery acted as a debt collector when it sent a dunning letter to Thompson regarding his account with the University. The letter is attached as an exhibit to Thompson's complaint. It states:

> This communication is from a debt collector.
>
> Please be advised that your account is delinquent. You must contact the creditor listed above to resolve this matter. It is imperative that you contact our client directly to prevent your account from being placed for active collections.
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> This collection agency is licensed by the collection service board of the department and commerce and insurance of the state of Tennessee.
>
> North Carolina department of insurance permit # 3576
>
> This is an attempt to collect a debt. Any information obtained will be used for that purpose.

(Compl. Ex. A, ECF No. 1-2). The letter is addressed to Stephen Thompson at a residential address in Gulfport, Mississippi. Above the body of the letter, the following information is provided:

> RE- UNIV SO MS Pre-Collect
> 118 College Dr #5133 Hattiesburg, MS 39406
> Amount Due 1,443.03
> Interest Amt
> REF - 830583
> Ask for: ACCT RECEIVABL
> PH: 601.266.4137

(*Id.*)  The letterhead states "S & S Recovery, Inc." and provides the company's mailing and physical addresses in Memphis, Tennessee. (*Id.*)

Thompson's complaint alleges that he suffered mental distress as a result of S & S Recovery's letter.  (Compl. 3 ¶13, ECF No. 1).  He seeks actual damages, statutory damages, costs, and attorney's fees. (*Id.* at ¶14).  Thompson submits that the letter is subject to reasonable interpretations that violate the FDCPA.  He alleges it is "vague and confusing" because it states Thompson must contact the "creditor," but then "contradicts itself" by stating Thompson must contact the collector.  (Compl. 3 ¶11, ECF No. 1).  Thompson further complains that the letter threatens to pursue "active collections," which is "either confusingly meaningless or a deceitful threat of actual legal action." (*Id.*)

Defendant S & S Recovery moves to dismiss Thompson's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  Alternatively, S & S Recovery moves for summary judgment pursuant to Federal Rule of Civil Procedure 56 on the grounds that there is no question of fact precluding judgment as a matter of law in its favor.  S & S Recovery provides the affidavit of a representative of the University of Southern Mississippi, which states that Thompson had enrolled in the 2011 summer semester at the

University, and formed a contractual obligation to pay the tuition and expenses of $1,443.03. (Madison Aff. 2-4 ¶¶4-8, ECF No. 8-1). According to the affidavit, the University referred Thompson's unpaid account to S & S Recovery, and authorized it to send Thompson a "standard form 'pre-collect' letter." (*Id*. at 4 ¶12).

S & S Recovery argues that Thompson cannot demonstrate that the letter violates 1692f of the FDCPA because that provision addresses threats of *non*judicial action. S & S Recovery further argues that the letter does not violate section 1692e because it is not contradictory or confusing, and does not make any deceptive or misleading statements or threaten legal action.

Plaintiff Thompson claims he was confused by S & S Recovery's letter and believed it threatened legal action against him. Thompson submits an affidavit in which he states he had received telephone calls from S & S Recovery before he received the letter. According to his affidavit, Thompson did not understand what "active collections" meant, and believed that S & S Recovery would sue him. (Thompson Aff. 2 ¶¶4-7, ECF No. 11-1). Thompson also claims that he did not understand the term "pre-collect" because he thought that his account was already in collections. (*Id*. at ¶ 8). He submits he was confused about how to contact someone to resolve the issue, because the letter instructed him to contact both the creditor and S & S Recovery. (*Id*. at ¶ 9).

Thompson further argues that S & S Recovery's motion for summary judgment should be denied because the parties have not conducted sufficient discovery to demonstrate the existence of issue(s) of material fact. Thompson's

4

response to S & S Recovery's motions seeks relief under Federal Rule of Civil Procedure 56(f).[1] Thompson claims it would be unfair to dismiss his claims at this stage of the litigation, and that he should be allowed to conduct discovery on whether S & S Recovery intended to perform further collection activity and on matters related to damages.

Thompson has moved to strike the portions of S & S Recovery's Motion that address whether or not Thompson's debt was actually owed. Thompson argues that this action concerns whether S & S Recovery violated the FDCPA, and whether Thompson actually owed the debt to the University is immaterial and irrelevant. (Pl.'s Mot. to Strike 1, ECF No. 10).

## DISCUSSION

The Fair Debt Collection Practices Act prohibits a "debt collector" from making false or misleading representations and from engaging in various abusive and unfair practices. *Garrett v. Derbes*, 110 F.3d 317-18 (5th Cir. 1997) (citing *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995)). It is well-understood that the purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State

---

[1] In his response to the motion to dismiss, Thompson states he "seeks relief" pursuant to Federal Rule of Civil Procedure 56(f). (Pl.'s Resp. 4, ECF No. 11). Thompson is actually referencing Federal Rule of Civil Procedure 56(d), which is the former Rule 56(f). His counsel has provided an affidavit stating that he has "not had sufficient time to conduct discovery on the material issues in the case." (Satterwhite Aff. ¶2, ECF No. 11-2).

5

action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e); *McMurray v. ProCollect, Inc.*, 687 F.3d 665, 668 (5th Cir. 2012).

*Motion to Dismiss*

Thompson's complaint alleges a violation of section 1692f of the FDCPA. (Compl. 3 ¶12, ECF No. 1). However, it is not clear to the Court whether Thompson intends to pursue a claim that S & S Recovery violated this provision. In Thompson's response to the motion to dismiss, he does not address section 1692f, or put forth any arguments about how he could state a cause of action under its language. Rather, Thompson's briefing focuses on section 1692e and allegations that the letter from S & S Recovery was misleading.[2] For purposes of this order, the Court will assume Thompson does intend to allege a violation of section 1692f, but, as discussed below, finds that Thompson has failed to state a claim under that section.

Section 1692f provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

---

[2] As noted above, Thompson subsequently filed a motion to amend the complaint and seeks leave to "add" allegations of violations of section 1692e. (Mot. to Amend, ECF No. 13).

6

(2) The acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit.

(3) The solicitation by a debt collector of any postdated check or other postdated payment instrument for the purpose of threatening or instituting criminal prosecution.

(4) Depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument.

(5) Causing charges to be made to any person for communications by concealment of the true purpose of the communication. Such charges include, but are not limited to, collect telephone calls and telegram fees.

(6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if--

(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;

(B) there is no present intention to take possession of the property; or

(C) the property is exempt by law from such dispossession or disablement.

(7) Communicating with a consumer regarding a debt by post card.

(8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

15 U.S.C. § 1692f. Thompson has not alleged any facts that would support a finding of a violation of this provision. He has not alleged that S & S Recovery has collected an amount of money not authorized by his agreement with the University, which would violate section 1692f(1). Sections 1692f(2), 1692f(3), and 1692f(4) address circumstances involving post-dated checks, and Thompson's complaint does not make any allegation relating to a post-dated check. Likewise, Thompson has not alleged S & S Recovery caused him any charges for communications under section 1692f(5). Section 1692f(6) makes it unlawful for a debt collector to threaten *non*judicial action; here, Thompson specifically claims he thought S & S Recovery was threatening to sue him, so this provision cannot apply. Thompson does not allege S & S Recovery sent him a postcard, so section 1692f(7) does not apply. Finally, section 1692f(8) addresses markings on envelopes sent by debt collectors, and there is no allegation that S & S Recovery used any unlawful language or symbols on the envelope it sent to Thompson.

It appears, then, that the language of section 1692f is inapplicable to this action. Thompson has not presented any argument in response to the motion to dismiss regarding claims under section 1692f. He has not alleged facts that would support a finding of a violation of any provision of this section. Therefore, to the extent Thompson's complaint does allege a claim under section 1692f, the defendant's motion to dismiss is granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

*Motion for Leave to Amend Complaint*

Thompson seeks to amend his complaint to add allegations of violations of section 1692e of the FDCPA. (*See* Mot. to Amend, ECF No. 13). Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." A decision to grant leave is within the discretion of the trial court. *Matter of Southmark Corp.*, 88 F.3d 311, 314-15 (5th Cir. 1996) (citation omitted). In exercising its discretion, "the court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir.1993)).

Thompson's motion to amend was filed after the deadline for amended pleadings, does not specify what violations of 1692e he alleges, and does not attach the proposed amended complaint as an exhibit. Thompson does submit that S & S Recovery has "fully briefed arguments defending the 1692e allegations." (*Id.* at ¶4; *see also* Resp. 2 ¶3, ECF No. 11). S & S Recovery has briefed arguments related to section 1692e(5) and 1692e(10). Therefore, the Court assumes Thompson means to amend his complaint to allege violations of those provisions. However, for the reasons discussed below, the Court finds that an amendment to include these allegations would be futile. Accordingly, the Motion to Amend will be denied. *See Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir. 2009) (citing *Fin.*

*Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir.2006); *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 546 (5th Cir.1980)) (add'l citations omitted) ("While there is a strong presumption in favor of granting leave to amend, a district court may refuse leave to amend if the complaint as amended would be subject to dismissal."). *See also DeLoach v. Woodley*, 405 F.2d 496 (5th Cir. 1968) (citing *Foman*, 371 U.S. 178) ("The liberal amendment rules of F. R. Civ. P. 15(a) do not require that courts indulge in futile gestures.")

>Section 1692e of the FDCPA provides in pertinent part:
>
>>A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>>. . . .
>>
>>(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>>. . . .
>>
>>(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e. According to Thompson, he believed the reference to "active collections" in the letter meant that S & S Recovery would sue him. Thompson argues that this is a "vague threat" that violates section 1692e because S & S Recovery never intended to sue him. He further argues that the letter was deceitful because S & S Recovery did not undertake more "active" collection efforts after sending this letter.

S & S Recovery argues that the letter is not misleading, and that it does not contain any threats of legal action. S & S Recovery submits the affidavit of a University's representative, which states that when a recipient of a "pre-collect" letter (such as the one sent to Thompson) does not contact the University directly and make arrangements to pay the balance, or notify S & S Recovery that the amount is disputed, it is the University's policy to assign that account for "active collections." (Madison Aff. 5 ¶17, ECF No. 8-1). The affidavit further states that Thompson's account was assigned to S & S Recovery for "active collections" on or about December 1, 2011. (*Id.* at ¶19).

The United States Court of Appeals for the Fifth Circuit directs the Court to "evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard." *Goswami v. Am. Collections Enter., Inc.*, 377 F.3d 488, 495 (5th Cir. 2004) (citing *Taylor v. Perrin, Landry deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997)). These standards serve "the dual purpose of protecting all consumers, including the inexperienced, the untrained and the credulous, from deceptive debt collection practices and protecting debt collectors against liability for bizarre or idiosyncratic consumer interpretations of collection materials." *McMurray*, 687 F.3d at 669 (citing *Taylor*, 103 F.3d at 1236).

The Court has examined the letter sent to Thompson by S & S Recovery, and does not find that an unsophisticated– or even the least sophisticated– consumer could reasonably be deceived by its language. The letter is a straightforward notice to Thompson that his account is delinquent and that unless he contacts the

University, the account will be referred for active collections. The first three lines of the body of the letter inform him that the letter is from a debt collector, that his "account is delinquent," and that he "must contact the creditor listed above to resolve this matter." As noted *supra*, the text directly above the body of the letter provides contact information for the University of Southern Mississippi. The letter informs Thompson that he must contact the "client directly to prevent [his] account from being placed for active collections." Thus, the only action the letter directs Thompson to take is to contact the University directly. The only consequence the letter places on Thompson's failure to do so is that his account will be "placed for active collections." The letter does not mention the possibility of any legal action, or contain any reference to an attorney or lawsuit of any kind.

The letter does not demand payment by a certain date. The third paragraph does inform Thompson that he has 30 days in which to inform "this office," which Thompson correctly understood to be S & S Recovery, that he disputes the validity of the debt, or to request the name and address of the original creditor. It is obvious that the letter directs the recipient to contact the creditor to prevent his account from being placed for active collections, but directs him to contact S & S Recovery if he disputes the debt or if he wants information about the original creditor. The directions to contact the creditor about his account are in a separate paragraph from the directions to contact S & S Recovery if he disputes the debt. Despite Thompson's claim that he found these directions to be contradictory and confusing, the Court does not find that these directions could be deceitful or misleading, even

12

to the unsophisticated consumer.

Thompson argues that he should be able to take discovery on the issue of whether S & S Recovery "intended to file a legal action as threatened in [the] letter." (Resp. 5 ¶12, ECF No. 11). But S & S Recovery never threatened to file any legal action, as noted above. According to the plain language of the letter, the only action that would be taken in response to a failure to contact the creditor was a referral to "active collections." Thompson has not cited any authority that would allow this Court to interpret "active collections" to mean "legal action." Thompson does cite a number of decisions from other districts that, he argues, support his argument that summary judgment is not appropriate. The Court finds that these cases are not controlling because they involve a direct reference to legal action or communications from attorneys, they were decided under other provisions of the FDCPA, or are otherwise procedurally distinguishable from the present action.

Thompson further argues that he should be given time to take discovery on the issue of whether S & S Recovery "actually intended to perform collection activity more 'active' than it had already performed." (Resp. 5 ¶12, ECF No. 11). If S & S Recovery threatened to take action against Thompson that, in reality, it never intended to take, it would have violated section 1692e(5). S & S Recovery's letter, however, only informed Thompson of the University policy that his account would be referred for "active collections" if he did not comply with the directions in the letter. The University did refer Thompson's account for active collections approximately two months after S & S Recovery sent him the letter at issue.

Thompson has not alleged that any other statements in the letter are false or otherwise deceitful or misleading.

The Court finds, therefore, that an amendment to Thompson's complaint to include violations of section 1692e would be futile. Thompson has not demonstrated that additional discovery is necessary, or that justice requires leave to amend his complaint under Federal Rule of Civil Procedure 15. Accordingly, the request for additional time under Rule 56(d) and the Motion for Leave to Amend Complaint will be denied.

*Motion to Strike*

Thompson has moved to strike portions of S & S Recovery's briefing that discuss Thompson's debt to the University on the grounds that whether Thompson actually owes the debt is irrelevant and immaterial. Thompson has cited no case law or other authority in support of his motion. Regardless of whether Thompson owed (or owes) the debt to the University, the Court finds that the letter from S & S Recovery does not violate the FDCPA. Therefore, any arguments about whether S & S Recovery may refer to Thompson's debt are moot. Thompson's motion to strike will be dismissed as moot.

## CONCLUSION

The Court finds that Thompson has failed to state a claim that S & S Recovery violated section 1692f of the Fair Debt Collection Practices Act. The Court further finds that Thompson has not satisfied Federal Rule of Civil Procedure 15, and an amendment to the complaint to include allegations regarding section 1692e

14

would be futile. Therefore, S & S Recovery's Motion to Dismiss or for Summary Judgment will be granted. Plaintiff Thompson's Motion for Leave to Amend Complaint will be denied. Plaintiff Thompson's Motion to Strike will be denied as moot.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant S & S Recovery, Inc.'s Motion to Dismiss or for Summary Judgment [8] is **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff Stephen Thompson's Motion for Leave to Amend Complaint [13] is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff Stephen Thompson's Motion to Strike [10] is **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED** this the 28th day of January, 2013.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE