IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

STEPHEN THOMPSON

V.                                         CIVIL ACTION NO. 1:12CV77-LG-JMR

S & S RECOVERY, INC.

<u>**ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS**</u>

BEFORE THE COURT is the Defendant S & S Recovery, Inc.'s [23] Motion for Sanctions Pursuant to 15 U.S.C. § 1692k(a)(3), Fed. R. Civ. P. 11, 28 U.S.C. § 1927 and the Inherent Power of the Court. S & S Recovery, Inc. ("S & S Recovery") seeks "an award of compensatory attorneys fees and litigation expenses" in defending this lawsuit brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (FDCPA) against Plaintiff Stephen Thompson ("Thompson"), his counsel, Harry V. Satterwhite, and his counsel's law firm, Satterwhite, Buffalow, & Tyler, LLC (collectively, "Satterwhite"). Thompson and Satterwhite have filed a response in opposition to the Motion, and S & S Recovery has filed a reply. S & S Recovery has also moved to strike an affidavit Mr. Satterwhite attached as an exhibit to the response in opposition to the Motion for Sanctions. The Court, having reviewed the pleadings and the relevant legal authority, finds that the Motion for Sanctions should be denied.

**BACKGROUND**

Plaintiff Stephen Thompson filed a complaint in which he alleged S & S Recovery, a debt collector, had violated section 1692f of the FDCPA when it sent

him a letter regarding his unpaid account at the University of Southern Mississippi (USM). S & S Recovery moved to dismiss Thompson's complaint pursuant to Fed. R. Civ. P. 12(b)(6) or for summary judgment under Fed. R. Civ. P. 56. (ECF No. 8). Thompson then moved to amend his complaint, after the deadline for amended pleadings had passed, to add an allegation that S & S Recovery had violated section 1692e of the FDCPA.

The Court granted the Motion to Dismiss or for Summary Judgment, and entered a judgment in favor of S & S Recovery. (Mem. Op. & Order, ECF No. 21; Judgment, ECF No. 22). In dismissing the complaint, the Court found that Thompson had failed to state a claim under section 1692f because he had not alleged any facts that could establish a violation of that section. The Court also denied Thompson's motion for leave to amend his complaint to add an allegation that S & S Recovery violated section 1692e. The Court found that such an amendment would be futile because even the least sophisticated consumer could not have reasonably been deceived by the letter sent to Thompson.

S & S Recovery now moves for sanctions on the grounds that Thompson's complaint was frivolous, brought in bad faith and for purposes of harassment, and lacked evidentiary support. It also contends that Thompson's attorney's conduct was unreasonable and vexatious. (Def. Mot., ECF No. 23). It seeks recovery under the FDCPA, Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the inherent

power of this Court.[1]

**15 U.S.C. § 1692k(a)(3)**

Section 1692k(a)(3) of the FDCPA states that, "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court **may** award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3) (emphasis added).

S & S Recovery submits that the Court can infer harassment on Thompson's part because his lawsuit was completely without hope of succeeding. It argues that Thompson's counsel failed to properly investigate the alleged FDCPA claim prior to filing the lawsuit, pointing out that "Thompson's USM debt is and always has been legitimate, a fact which was known or easily verifiable by Mr. Satterwhite." (Def. Mem. 6, ECF No. 24). S & S Recovery argues that Thompson made no attempt to settle his debt to USM, and instead he filed a "groundless" complaint "to frustrate or delay payment of [his] legitimate debt," and "which he and his attorney persisted in pursuing through a summary judgment disposition which was not opposed by any legitimate evidence or colorable legal arguments." (*Id.* at 6-7, 14).

In terms of evidence of bad faith or harassment, S & S Recovery essentially submits that Thompson's lawsuit was frivolous. It also points to the fact that

---

[1] The Court notes, as S & S Recovery has pointed out, that this is not the only case in which counsel Satterwhite has filed a complaint making unsupported allegations under the FDCPA. *See Eslava v. Allianceone Receivables Mgmt., Inc.*, No. 12-0425-WS-N, 2012 WL 4336012 (M.D. Ala. Sept. 20, 2012) (dismissing FDCPA complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failing to set forth a plausible claim for relief).

Thompson's complaint referred to his debt to USM as "alleged," when in reality Thompson never contested whether his debt to USM was legitimate. (Def. Mem. at 6). Additionally, S & S Recovery submits that, shortly after it filed its Answer and Affirmative Defenses, its counsel sent a letter to Thompson's counsel requesting a conference call to discuss whether the complaint should be voluntarily dismissed because it failed to state a claim under the FDCPA. (Def. Mot. Ex. A, ECF No. 23-1). According to an affidavit signed by counsel for S & S Recovery, he explained to Thompson's counsel that the "least sophisticated debtor" standard was a question of law for the court. (Def. Ex. B 2, ECF No. 23-2.) In response, Thompson's counsel sent a letter to S & S Recovery with a settlement demand of $7,500 plus costs, as well as a release of the "disputed debt" and an agreement not to sell or transfer the debt "again." (*Id.* at 8). S & S Recovery argues this demand was unreasonable, and points out that $7,500 is approximately seven times the statutory amount of damages in this case, that the debt was not "disputed," and that the debt had never been sold or otherwise transferred, as the demand letter incorrectly stated.

Under the FDCPA, it is S & S Recovery's burden to make an affirmative showing of bad faith *and* harassment. *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1211 (5th Cir. 1985), *modified on other grounds*, 761 F.2d 237 (5th Cir. 1985). There is little directive case law from the Fifth Circuit defining what constitutes bad faith and harassment for purposes of section 1692k. However, upon review of decisions from other circuits in which attorney's fees were awarded under the FDCPA, and having reviewed the record in this case, the Court is not convinced

that such sanctions are appropriate here.  Thompson's case was dismissed early in the litigation.  It appears that where courts have awarded attorney's fees under the FDCPA, they have done so in cases that have been required to proceed through discovery, or have otherwise been litigated for some period of time, and the plaintiff has not dismissed claims that are meritless.  *See, e.g.*, *Tucker v. CBE Group, Inc.*, 710 F. Supp. 2d 1301, 1306 (M.D. Fla. 2010) (where the district court determined action to be "one of the rare cases where sanctions were justified" because the plaintiff alleged five different violations of the FDCPA, but only one was legally plausible; the rest of the complaint was "comprised of boilerplate allegations and requests for types of relief that could not possibly apply to the instant case;" the court found "especially troubling" the fact that the plaintiff's counsel "failed to dismiss any of those claims when it became clear during discovery they had no factual basis whatsoever, forcing Defendant to file a summary judgment motion"); *Rhinehart v. CBE Group, Inc.* 714 F. Supp. 2d 1183 (M.D. Fla. 2010) (related case awarding sanctions for similar reasons and where the plaintiff's deposition testimony contradicted most of the allegations in the complaint.)  *See also Smith v. Argent Mortg. Co.,* 331 Fed. Appx. 549 (10th Cir. 2009) (unpublished) (affirming award of attorney's fees under FDCPA where plaintiffs litigated case for two years, and district court found "strong indications" in the record that plaintiffs pursued the FDCPA claim "with the goal of delaying foreclosure and other collection actions against them").  *But see Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 939-41

(9th Cir. 2007) (finding no clear error in district court's decision *not* to award sanctions where defendant's only evidence of bad faith and harassment was its assertion that the claim was frivolous; but noting that "instead of working toward resolving a rather small debt, [plaintiff's] counsel succeeded in morphing it into a federal battle royale complete with attorneys' fees far in excess of the amount in controversy;" and calling "counsel's aggressive use of the Act unworthy of commendation.")[2]

In light of the case law reviewed by the Court, and the record in the instant case, the question whether to award attorney's fees under the FDCPA to S & S Recovery is a close one. The Court is highly dubious that either Thompson or his counsel could have found S & S Recovery's letter to be so misleading or confusing that they believed there was a good-faith basis for the complaint. Additionally, as S & S Recovery has noted, Thompson's settlement demand letter requested a

---

[2] In *Jacobson v. Healthcare Fin. Servs.*, 516 F.3d 85 (2nd Cir. 2008), the United States Court of Appeals for the Second Circuit reversed an award of attorney's fees under the FDCPA. There, the district court had based the sanctions award on its finding that the plaintiff's allegation that the collection letter constituted harassment was based "merely on a strained construction of its language," and he was in essence, filing "a complaint against the creditor for the temerity of requesting that he pay what he owes." *Jacobson v. Healthcare Fin. Servs.*, 434 F.Supp.2d 133, 141 (E.D.N.Y. 2006). On appeal, the Second Circuit reversed the sanctions award, and held that the plaintiff's admission that "he did not feel harassed, threatened, or misled by the letter," and his acknowledgment that the underlying debt was valid, were "irrelevant to the question of whether [the plaintiff] brought the action "in bad faith and for the purpose of harassment." 516 F.3d at 96. The Second Circuit, however, did not specify what facts *would* have been relevant to that question.

monetary amount above the statutory damages allowed for his claim.[3] While that communication may not rise to the level of "harassment," it was obviously counterproductive. Nevertheless, the Court's authority to award attorney's fees under section 1692k is discretionary, and in this case, the Court determines not to exercise that discretion. Here, S & S Recovery successfully moved to dismiss Thompson's complaint early in the litigation and was not subjected to a long discovery process or a great deal of motions practice. While that does not give Thompson a free pass to engage in imprudent litigation, the Court does not find in the record sufficient evidence of bad faith *and* harassment to satisfy the statutory requirement in this particular case, and therefore will not award sanctions.

**Federal Rule of Civil Procedure 11**

Federal Rule of Civil Procedure 11 provides, in pertinent part:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law . . .

---

[3] Under the FDCPA, the amount of damages are limited to the plaintiff's actual damages, plus maximum statutory damages of $1,000 per action, not per violation. 15 U.S.C. § 1692k(a). *See Peter v. GC Servs. L.P.*, 310 F.3d 344, 352 n.5 (5th Cir. 2002) (citations omitted).

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11. The Rule also provides that if "the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." *Id.*

A district court may impose Rule 11 sanctions even if it lacks subject matter jurisdiction over a dispute. *See Willy v. Coastal Corp.*, 915 F.2d 965, 966-67 (5th Cir. 1990) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990)). Therefore, if this Court finds that Thompson and his counsel violated Rule 11, it can impose sanctions even though it has dismissed his claims. In determining whether counsel or a represented party has violated Rule 11, courts apply "an objective standard of reasonableness under the circumstances." *Smith v. Our Lady of the Lake Hospital, Inc.*, 960 F.2d 439, 444 (5th Cir. 1992) (citing *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 873 (5th Cir. 1988)). An attorney need not provide an absolute guarantee of the correctness of the legal theory advanced in pleadings he files. *Id.* (citing *City of El Paso v. City of Socorro*, 917 F.2d 7, 8 (5th Cir. 1990). "Rather, the attorney must certify that he has conducted reasonable inquiry into the relevant law." *Id.*

S & S Recovery argues that Thompson's counsel should be sanctioned under Rule 11 because he "either failed to conduct even a cursory factual or legal inquiry

into the merits of Mr. Thompson's claims," or he "deliberately pursued claims he knew were factually and legally groundless." (Def. Mem. 17, ECF No. 24).  S & S Recovery argues that any reasonable attorney would have known that section 1692e was not violated under the "least sophisticated consumer" standard, and that section 1692f had no applicability to this case; that the settlement demand was not reasonable, and that the complaint should have been dismissed and the summary judgment motion could not be disputed.

As noted *supra*, the Court dismissed Thompson's complaint because he alleged no facts that could constitute a violation of section 1692f, which was the provision listed in his complaint.  Thompson attempted to amend his complaint to allege a violation section 1692e.  The Court found that the letter from S & S Recovery, which was the sole basis for Thompson's complaint, did not violate section 1692e because it was not vague and confusing.  Thompson's complaint had alleged the letter violated the FDCPA because, as he claimed, it "contradicts itself" by telling Thompson he must contact the creditor as well as the collector.  (Compl. 3, ECF No. 1).  Thompson also complained that the reference to "active collections" was confusing or could be a "deceitful threat of actual legal action." (*Id.*)  He argued the reference to "active collections" was confusing because he had received at least one phone call about his debt before he received the letter, so he believed "active collections" could mean legal action.

Again, the Court considers the matter of sanctions in this case to be a close question.  While Thompson's claim that the letter was contradictory and therefore

confusing is not remotely convincing, the complaint as a whole, taken with the allegation that Thompson had already received phone calls about the debt, appears to state a colorable FDCPA claim, and is minimally sufficient avoid sanctions under Rule 11. Thompson's complaint was based on extremely weak facts, and its filing was probably ill-advised. But the Court does not find that a specific Rule 11 violation has occurred, and therefore will not sanction counsel Satterwhite in this case.

### 28 U.S.C. § 1927

Title 28, United States Code, Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The decision to award attorney's fees under 28 U.S.C. § 1927 is committed to the Court's discretion. *Thomas v. Capital Sec. Servs., Inc.*, 812 F.2d 984, 990 (5th Cir. 1987). Sanctions under this statute must be predicated on actions that are both "unreasonable" and "vexatious." *Travelers Ins. Co. v. St. Jude Hosp., Inc.*, 38 F.3d 1414, 1416-17 (5th Cir. 1994). To find that an attorney's conduct is unreasonable and vexatious, there must be evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court. *Edwards v. General Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998) (citations omitted). Section 1927 "is to be strictly construed, and sanctions may not be imposed for mere negligence on the part of

counsel." *Baulch v. Johns*, 70 F.3d 813, 817 (5th Cir. 1995) (citing *Browning v. Kramer*, 931 F.2d 340, 344 (5th Cir.1991)). Finally, "[p]unishment under this statute is sparingly applied." *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 535 (5th Cir. 1996) (citing *F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1297 (5th Cir. 1994) (additional citations omitted)).

The Court is mindful that "[u]nderlying the sanctions provided in 28 U.S.C. § 1927 is the recognition that frivolous . . . arguments waste scare judicial resources and increase legal fees charged to parties." *Baulch*, 70 F.3d at 817. Here, Thompson's counsel filed a complaint without adequate factual support. He also made a settlement demand that was at best pretentious, given the facts of this case. However, the record does not indicate that Thompson's counsel so multiplied the proceedings that the Court may conclude his conduct was "vexatious" to the point that it violates 18 U.S.C. § 1927.

**Inherent Power of the Court**

The Court is vested with the inherent power to sanction parties and their attorneys for conduct that abuses the judicial process. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-46 (1991). Federal courts may use their inherent power when the parties' conduct is not controlled by other mechanisms. *Natural Gas Pipeline Co. Of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1407-8 (5th Cir. 1993) (citing *Chambers*, 501 U.S. at 46-47)). As set forth above, the Court has determined not to award sanctions under section 1692k of the FDCPA, Rule 11, or 28 U.S.C. § 1927.

Therefore, the Court also declines to exercise its inherent power to award sanctions in this case.

**Motion to Strike**

Defendant S & S Recovery has moved to strike the Affidavit of counsel Satterwhite, which was attached as an exhibit to Thompson's and Satterwhite's response to the Motion for Sanctions. The Court has not relied on Satterwhite's affidavit in determining not to impose sanctions, and therefore sees no need to grant the Motion to Strike.

## CONCLUSION

For the reasons state above the Court declines to award sanctions under section 1692k of the FDCPA, Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, or the Court's inherent power and Defendant's Motion for Sanctions is denied. Defendant S & S Recovery is, however, entitled to costs pursuant to Federal Rule of Civil Procedure 54. The fact that the Court has elected not to impose sanctions in this case should not construed as an indication that the filing of cavalier lawsuits is encouraged. Rather, the Court simply finds that the record here does not demonstrate that counsel acted so improperly as to warrant sanctions. However, in an abundance of caution, counsel may wish to consider henceforth a more circumspect approach to the filing of civil a complaint.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Defendant S & S Recovery, Inc.'s [23] Motion for Sanctions is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant S & S

Recovery, Inc.'s [29] Motion to Strike Affidavit of Harry V. Satterwhite is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 18th day of September, 2013.

s/ *Louis Guirola, Jr.*<br>LOUIS GUIROLA, JR.<br>CHIEF U.S. DISTRICT JUDGE